# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| | |
|---|---|
| BRIAN RIDLEY, | * |
| Plaintiff, | * |
| v. | * |
| | * No. 4:17cv00365-SWW-JJV |
| DOC HOLIDAY, Sheriff, | * |
| Pulaski County; *et al.* | * |
| Defendants. | * |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Brian Ridley ("Plaintiff") was incarcerated at the Pulaski County Detention Facility and brings this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges he was subjected to excessive force by Defendants Cass, Newburn, Waters, and McGee. (Doc. Nos. 15, 16.)

Defendant Cass has filed a Motion for Summary Judgment (Doc. No. 17) arguing that Plaintiff failed to fully exhaust his administrative remedies before filing this action. Plaintiff has not responded to the Motion for Summary Judgment and the deadline for doing so has expired.[1] After careful consideration of the facts before me, for the following reasons I find the Motion should be GRANTED and this matter should be DISMISSED without prejudice.

### II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the

---

[1] Although filed on August 29, 2017, I note the Court again mailed Plaintiff a copy of the Motion for Summary Judgment on September 5, 2017, when Plaintiff notified the Court of his change of address.

2

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III. ANALYSIS

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.*

3

Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id*.

Plaintiff's claims are governed by Pulaski County Regional Detention Facility's ("PCRDF") Branch Directive D05-0001, Grievance Procedures. (Doc. No. 18-2 at 5-16.) The directive requires inmates to file a grievance within fifteen days of any grievable incident. (*Id*. at 8.) Inmates receive a response within ten days and, if they are unsatisfied with the initial response, may appeal to the Chief of Detention. (*Id*. at 10-12.) Nancy Brawley, the Administrative Sergeant and Grievance Officer for PCRDF, states Plaintiff did file a grievance regarding the alleged excessive force, but he did not appeal her decision. The attached Grievance Form from this incidence corroborates Ms. Brawley's testimony. (*Id.* at 21-25.) Accordingly, I find Plaintiff has failed to exhaust his administrative remedies.

I note that Plaintiff only recently moved to add Defendants Newburn, Waters, and McGee (Doc. Nos. 15-16), and these Defendants were recently served. (Doc. Nos. 21-24.) Nevertheless, it is clear from the pleadings in this matter, including the actual grievance filed by Mr. Ridley, (Doc. No. 18-2 at 21-25), that Plaintiff has not exhausted his administrative remedies against any Defendant.[2] Accordingly, I recommend this entire action be dismissed without prejudice.

## IV. CONCLUSION

---

[2] The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

4

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendant Cass's Motion for Summary Judgment (Doc. No. 17) be GRANTED in all respects - save his request for a "with prejudice" dismissal of this action.[3]

2. This cause of action be DISMISSED without prejudice due to Plaintiff's failure to exhaust his administrative remedies.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

IT IS SO RECOMMENDED this 25th day of September, 2017

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3] Defendant seeks a dismissal of Plaintiff's Complaint with prejudice. (Doc. No. 17 at 2.) Dismissal for failure to exhaust administrative remedies, however, should be without prejudice. *See Calico Trailer Mfg. Co. v. Ins. Co. of N. Am.*, 155 F.3d 976, 978 (8th Cir. 1998).